# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| STATE OF TEXAS, TEXAS BULLION DEPOSITORY AND KELLY HANCOCK, IN HIS OFFICIAL CAPACITY AS ACTING TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>*Plaintiffs,*<br>v.<br><br>TEXAS PRECIOUS METALS, LLC,<br><br>*Defendant.* | CASE NO.   7:26-cv-21 |

## COMPLAINT FOR DECLARATORY JUDGMENT & CANCELLATION

### INTRODUCTION

1. Texas Precious Metals, LLC ("TPM") claims it has the right to bar the State of Texas and its agencies from using the shape of the State of Texas on commemorative coins celebrating the proud heritage of the State and promoting the Texas Bullion Depository and its services. Examples of the coins which TPM claims the State cannot offer because they include an outline of the shape of the State of Texas are shown below.

   

2. TPM further claims it has the right to bar the State of Texas and its agencies from using the shape of the State of Texas; the Lone Star of Texas that adorns its flag and has represented Texas sovereignty since the days of the Republic; the Texas Capitol Dome under which the democratically elected Texas Legislature enacts the will of the citizens of Texas; and the Texas Capitol Rotunda on commemorative "Redback" notes. Examples of the "Redback" notes which TPM claims the State of Texas cannot offer are shown below.

1

 

3.     The State of Texas has the right to use the shape of the State of Texas and its other sovereign symbols and insignia. These are and have long been identified with the State of Texas and serve as markers of our State identity, in addition to reflecting our history and cultural heritage. Because such sovereign symbols and insignia represent the State of Texas, they inure to its people, not to private profit-seeking interests. TPM has no right to stop the State of Texas and its people from using the shape of the State, the Lone Star of TExas, the Capitol Dome, the Rotunda, or any other symbol or insignia of the great State of Texas.

## NATURE OF ACTION, JURISDICTION, & VENUE

4.     This action seeks a declaratory judgment of non-infringement and cancellation of trademark registrations under the Lanham Act, 15 U.S.C § 1051 *et seq.*, and under Texas law, and related relief, without waiver of sovereign immunity from suit or liability.

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a).

6.     This Court has pendent, ancillary, and supplemental jurisdiction to hear the state-law claims under 28 U.S.C. § 1367(a).

7.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8.     Plaintiff The State of Texas is a sovereign state of the United States of America.

9.     Plaintiff Texas Bullion Depository (the "Depository") is an agency of the State of Texas. Tex. Gov't Code § 2116.002(a). The Depository was created by the Texas Legislature

through its passage of H. B. 483 in 2015, which the Governor of Texas signed into law. The Depository was created as an agency within the office of the Texas Comptroller of Public Accounts.

10. Plaintiff Kelly Hancock is the Acting Texas Comptroller of Public Accounts (the "Comptroller"), a Constitutional officer of the executive branch for the State of Texas under Texas Constitution Article IV, § 1, with the duties and powers set forth in Chapter 403 of the Texas Government Code. The Texas Legislature has entrusted the Comptroller with broad powers with respect to the intellectual property of the State, including the Depository. Tex. Gov't Code §§ 403.0301, 403.2116.021. Moreover, the Comptroller is charged by the people of Texas through its democratically elected Legislature with oversight and supervision of the Depository.

11. Defendant Texas Precious Metals, LLC ("TPM") is a privately-owned Texas limited liability company with its principal place of business in Shiner, Texas. TPM has assumed several names for itself in its profit-seeking endeavors, including "Texas Mint," and uses several domain names in connection with its business, including [texasdepository.com](texasdepository.com) and [texasstatedepository.com](texasstatedepository.com). TPM may be served with process by service on its registered agent, Kaspar Texas Traditions, LLC, at 959 Highway 95N, Shiner, Texas 77984.

## FACTS

**A.    THE STATE OF TEXAS**

12. The shape of the State of Texas is iconic. Forged from the deadly battles of the Mexican War in 1848, that unique shape has identified the State of Texas to millions of its citizens and to the world since long before TPM's owners ever dreamed of starting that business. The Lone Star of Texas is similarly iconic. Texans have lived, fought, and died under the Lone Star flag for almost 190 years since Texas declared its independence in 1836. The Lone Star represents all Texans and the independent spirit of Texas that gave rise to its official nickname as "The Lone Star State". The Texas Capitol dome and rotunda were built by and for the citizens of Texas and dedicated in 1888 as the seat of Texas government. All of these have deep meaning for the citizens of Texas and the government of the State of Texas they created and sustain. For instance, as shown

below, numerous Texas State agencies have used depictions of the shape or outline of the State of Texas and the Lone Star, as well as the Texas State Capitol in their official agency seals.



13. The State of Texas has also sold commemorative coins and other promotional items for years with the Texas Capitol Dome and Rotunda, and similar imagery (examples shown below).

 

14.     Additionally, in 2004, the U.S. mint issued the Texas State quarter, shown below, with the outline of the State of Texas placed ornamentally on the back of the quarter as part of its 50 State Quarters Program. States created their own quarters by submitting design concepts highlighting their unique history, landmarks, symbols, and insignia, which were reviewed by the Treasury and finalized by the state governors. Then-Governor of Texas Rick Perry selected the final design featuring the shape of the State of Texas and the Lone Star. The coin was released with a total mintage of over 540 million, including versions from the Philadelphia and Denver mints.



**B.    THE DEPOSITORY & THE COMPTROLLER**

15.     More recently, the Depository and the Comptroller were charged by the Texas Legislature to create facilities for securely storing the gold and other precious metals owned by the State of Texas, Texas agencies, Texas State universities, and other State of Texas entities, as well as the public. The Depository has executed its responsibilities by opening and operating a ten-acre precious metals depository in Leander, Texas, and providing depository services there.

16.     To promote its depository services and to reflect the pride of Texas and Texans in their heritage, the Depository decided to offer a series of commemorative coins, notes, and other promotional items. Purchasers of the commemorative promotional items sold by the Depository and marked as such are, by definition, potential customers for the secure segregated storage

services of the Depository. Some purchasers of such promotional items have already become customers for the Depository's services.

17. Accordingly, the Texas commemorative coins, notes, and other promotional products are reasonable means by which the Depository can promote awareness of its services among that portion of the public with the means, interest, and need for those services.

18. In 2023, the Comptroller issued a Request for Proposals (the "2023 RFP") seeking a third-party contractor that would assist the Depository in issuing, designing, manufacturing, licensing, and selling such promotional products under Texas Government Code § 2116.021.

19. On information and belief, TPM was aware of this 2023 RFP and of the Depository's intention to offer commemorative coins, notes, and related promotional items to the public, but chose not to submit a proposal.

20. Plaintiffs completed the process of evaluating proposals submitted in response to the 2023 RFP and in August 2024 awarded the contract to Lone Star Tangible Assets, LP ("LSTA"). Subsequently, LSTA contracted with two manufacturers to provide Plaintiffs with Texas commemorative coins, notes, and related promotional products.

21. As shown below, the designs of the Texas commemorative coins, notes, and other promotional products incorporate an ornamental outline of the State of Texas, the Lone Star of Texas, the State Capitol, the Capitol Dome, and the Rotunda, and are conspicuously and clearly marked with the name "Texas Bullion Depository."

   

 

22.     On December 29, 2025, the Comptroller issued a press release announcing the availability of the above commemorative coins, notes, and other promotional items to the public. The press release noted that these promotional products "represent the next evolution of the Depository's mission to provide Texans with secure, transparent access to and storage of precious metals." Macy Douglas, the Depository Administrator, added: "This new program is designed to commemorate the history and spirit of Texas while also introducing a new audience to the services provided by the Texas Bullion Depository."

C.     **TPM's Business**

23.     TPM is a precious metals dealer located in Shiner, Texas. TPM sells gold and silver, along with other precious metals, under the marks TEXAS PRECIOUS METALS and TEXAS MINT.

24.     TPM uses the generic shape of the State of Texas, the Lone Star, the State Capitol, the Capitol Dome, and the Rotunda ornamentally on products, such as on the coins and other promotional items TPM sells to the public (examples shown below).

  

25.     TPM has attempted to obtain a monopoly on these iconic Texas symbols by seeking federal trademark registrations for these generic, ornamental designs and by using litigation and other means to try to prevent the State of Texas from issuing and selling commemorative coins,

notes, and other promotional products with the generic shape and outline of the State of Texas, its Lone Star, the Capitol Dome, the Rotunda, and other iconic Texas symbols and insignia to promote the Depository.

In April 2013, TPM filed a trademark application with the United States Patent and Trademark Office ("USPTO") to register the below generic, ornamental design covering "online retail store featuring gold and silver and other rare materials, coins of others, and bullion" in Class 35.



26.     After examination by the USPTO, TPM agreed to amend its application for the above generic, ornamental design from the Principal Register to the Supplemental Register, thereby admitting that the design is merely ornamental and is not distinctive.

27.     TPM's April 2013 filing matured to registration in September 2013 as U.S. Reg. No. 4,404,997. To this day, U.S. Reg. No. 4,404,997 remains on the Supplemental Register and constitutes an admission by TPM that the shape and outline of the State of Texas is merely ornamental, is not distinctive, and that TPM does not own exclusive rights to the alleged mark.

28.     TPM is also the record owner of several other generic, ornamental designs on the Supplemental Register, including the following:

29.     U.S. Reg. No. 6,031,099 for a generic, ornamental design depicting the Rotunda, as shown below, covering "Precious metals; silver bullion, and gold bullion" in Class 14..



U.S. Reg. Nos. 6,031,097 and 6,031,098 for generic, ornamental designs depicting the Capitol and its Dome, as shown below, covering "Precious metals; non-monetary coins, namely, rounds; silver bullion, and gold bullion" in Class 14.

 

30.     To this day, all three registrations referenced in paragraph 26 remain on the Supplemental Register and are, therefore, admissions that the designs are merely ornamental, are not distinctive, and that TPM does not own exclusive rights to the alleged marks.

31.     The Supplemental Registrations referenced in paragraphs 23-27 are referred to herein as "TPM's Supplemental Registrations."

32.     In April 2016, just three years after registering the outline of the State of Texas on the Supplemental Register and agreeing that the alleged mark was not distinctive, TPM re-filed an application on the Principal Register for the same outline, as shown below, covering "Precious metals; non-monetary coins, namely, rounds; and bullion" in Class 14 and "Online retail store featuring gold and silver and other rare metals, coins, and bullion" in Class 35.



33.     In response to yet another refusal of its Class 35 application as non-distinctive, TPM claimed—despite the existence of the same generic, ornamental design for the same services on the Supplemental Register—that its alleged "mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use of the mark in commerce."

9

34. And in response to the refusal of its Class 14 application as both non-distinctive and ornamental on coins, TPM claimed not just that its alleged mark had become distinctive of its goods based on "substantially exclusive" use in commerce, but submitted a new specimen showing the alleged mark in use on *packaging* rather than ornamentally on a coin.

35. Based on these representations to the USPTO, TPM's April 2016 filings matured into U.S. Reg. Nos. 5,113,004 and 5,113,005 in January 2017. These registrations are referred to herein as "TPM's Principal Registrations."

36. In connection with these generic, ornamental designs, TPM registered and is using the domain names texasdepository.com and texasstatedepository.com, which promotes TPM's depository and its services and directs consumers to the email address notices@texasdepository.com.

D.  **TPM'S LAWSUITS AND THE PARTIES' PRE-LAWSUIT COMMUNICATIONS**

37. Armed with what TPM purports are legal monopolies on generic, ornamental designs that consumers would associate with the State of Texas and its people, TPM has since filed numerous trademark infringement lawsuits, trying to deter businesses and consumers from using ornamental designs incorporating the outline of the State of Texas.[1]

38. After the Plaintiffs' December 2025 announcement of their Texas commemorative coins, notes, and other promotional items, TPM threatened the Depository and its manufacturers with imminent injury from lawsuits unless they ceased manufacture and sale of Plaintiffs' lawful Texas promotional products to the public, or paid TPM exorbitant royalties based on the generic,

---

[1] *See Texas Precious Metals, LLC v. PMIG of Texas, LLC*, Case No. 5:14-cv-00857 (WDTX 2014); *Texas Precious Metals, LLC v. United States Reserve, LLC d/b/a Federated Mint*, Case No. 6:17-cv-00037 (SDTX 2017); *Texas Precious Metals, LLC v. d'Anconia Copper, LLC*, Case No. 6:22-cv-00039 (SDTX 2022); *Texas Precious Metals, LLC v. Lincoln Treasury, LLC*, Case No. 6:24-cv-00038 (SDTX 2024); *Texas Precious Metals, LLC v. Mullen*, Case No. 6:25-cv-00005 (SDTX 2025); *Texas Precious Metals, LLC v. American Coins and Collectibles, Inc.*, Case No. 6:25-cv-00006 (SDTX 2025); *Texas Precious Metals, LLC v. MK Management Group LLC*, 6:25-cv-00009 (SDTX 2025); *Texas Precious Metals, LLC v. Entoro LLC*, 6:25-cv-00035 (SDTX 2025).

ornamental designs of the shape of the State of Texas and its other sovereign symbols and insignia on the commemorative coins and notes.

39. When the manufacturers did not immediately submit to TPM's extortionate demands, TPM filed suit against them in January 2026 in federal court in the District of Arizona (Case No. 2:26-cv-00427-SMB) and the District of Oregon (Case No. 3:26-cv-00157-SI). TPM claims in those suits that Plaintiffs' Texas commemorative coins, notes, and related promotional items infringe TPM's alleged marks because they contain generic, ornamental designs of the shape and outline of the State of Texas, the Lone Star, the State Capitol, the Capitol Dome, and the Rotunda. TPM did not sue Plaintiffs, but TPM nevertheless inflicted and threatens to inflict injury on Plaintiffs through such litigation.

40. Shortly thereafter, TPM sought to strong-arm the Depository into taking a license from TPM based on Plaintiffs' statutory authority to "obtain a license to sell promotional items approved by the administrator to . . . promote the depository." Texas Government Code § 2116.021.

41. After the Comptroller refused TPM's unwarranted demands, TPM filed suit against the Depository and Comptroller in the District Court of Travis County, Texas. In that suit, TPM reversed course, inconsistently claiming that the Depository has no authority to sell the promotional items for which TPM sought to license its alleged marks and designs to extract exorbitant royalties and claiming that Plaintiffs are acting *ultra vires* by violating the same provision of Chapter 2116 of the Texas Government Code TPM previously relied on to justify its demand for royalties. The District Court in Travis County denied TPM's motion for an Emergency Temporary Restraining Order on February 6, 2026. TPM further inflicted and threatens to inflict injury on Plaintiffs through such litigation.

42. TPM's allegations, demands, and threats of litigation, as well as its lawsuits against the Depository's manufacturers, injure Plaintiffs and place a cloud over Plaintiffs and the citizens

of the State of Texas concerning the use of the shape of the State of Texas and its other sovereign symbols and insignia of the State of Texas, thereby imminently and irreparably harming Plaintiffs.

43. Unless these acts of TPM are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiffs and the public for which there is no adequate remedy at law.

## CLAIMS FOR RELIEF

### COUNT I

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INJUNCTIVE RELIEF
(LANHAM ACT, 15 U.S.C. § 1051 *ET SEQ.*; 28 U.S.C. §§ 2201 & 2202)
(TEX. BUS. & COM. CODE § 16.102; TEX. CIV. PRAC. & REM. CODE § 37.001 *et seq.*)**

44. Plaintiffs repeat the allegations above as if fully set forth herein.

45. TPM has taken formal legal action against the Depository's manufacturers based on products that TPM knows are to be placed in commerce for the benefit of Plaintiffs.

46. However, TPM cannot prove the elements of trademark infringement under the Lanham Act, Texas Business and Commerce Code section 16.102, or Texas common law by such manufacturers.

47. As an initial matter, TPM cannot show that Plaintiffs are using the shape of the State of Texas, the Lone Star, or designs of the State Capitol, Capitol Dome, and/or Rotunda as marks. Rather, Plaintiffs are using the generic, ornamental designs of the shape of the State of Texas and its other sovereign symbols and insignia on commemorative coins, notes, and related promotional items to descriptively, fairly, and in good faith describe the geographic origin of the goods. *See* 15 U.S.C. § 1115(b)(4).

48. Further, the State of Texas has used designs depicting the shape or an outline of the State of Texas, the Lone star of Texas, the Texas State Capitol, the Capitol Dome, and/or the Rotunda, as shown for instance in paragraphs 9-10, since well before TPM's first-use date, filing

date, and/or any date by which TPM could even arguably establish acquired distinctiveness. *See* 15 U.S.C. § 1115(b)(5).

49. TPM is also using its alleged marks so as to misrepresent the source of its goods and services in connection with which the alleged marks are used. *See* 15 U.S.C. § 1115(b)(3).

50. TPM is also using its alleged marks to violate the antitrust laws of the United States and Texas. *See* 15 U.S.C. § 1115(b)(7).

51. Additionally, TPM cannot prove that there is a likelihood of consumer confusion resulting from Plaintiffs' ornamental use of designs depicting an outline of the State of Texas, the Lone Star, the State Capitol, the Capitol Dome, and/or the Rotunda on commemorative coins, notes, and other promotional items.

52. Among other factors contributing to the lack of any likelihood of confusion, Plaintiffs are not using the shape of the State, the Lone Star, the State Capitol, the Capitol Dome, or the Rotunda as marks, and Plaintiffs are prominently using their name and house mark TEXAS BULLION DEPOSITORY on the commemorative coins and other promotional items. Further, the commemorative coins, notes, and other promotional items are clearly identified as promotional items of the State as evidenced by the Seal of the State of Texas.

53. Because Plaintiffs are not using an outline of the State of Texas, the Lone Star, the State Capitol, the Capitol Dome, or the Rotunda as marks and there is no likelihood of confusion, Plaintiffs have not infringed or violated any of TPM's alleged rights under the Lanham Act, section 16.102, or Texas common law. Further, Plaintiffs continued use of the shape or an outline of the State of Texas, the Lone Star, the State Capitol, the Capital Dome, and/or the Rotunda in the future will not infringe or violate any of those alleged rights.

54. Plaintiffs ask the Court to enter a declaratory judgment to that effect under the Lanham Act, 28 U.S.C §§ 2201 and 2202, and Tex. Civ. Prac. & Rem. Code § 37.001 *et seq*.

55. An actual and justiciable controversy exists about these issues, as shown by TPM's legal threats against Plaintiffs and lawsuits against the Depository's manufacturers.

56.     Plaintiffs are entitled to a declaratory judgment to clarify and settle their legal rights and injunctive relief under 15 U. S. C. § 1116.

COUNT II

CANCELLATION OF TRADEMARK REGISTRATIONS
(LANHAM ACT, 15 U.S.C. § 1119 AND 28 U.S.C. § 2201)

57. Plaintiffs repeat the allegations above as if fully set forth herein.

58. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine TPM's right to registration (or lack thereof) of the generic, ornamental designs shown in TPM's Principal Registrations and TPM's Supplemental Registrations.

59. The Lanham Act provides that trademarks on the federal register may not "[c]onsist[] of or comprise[] the flag or coat of arms *or other insignia* of the United States, *or of any State* or municipality, or of any foreign nation, *or any simulation thereof*." 15 U.S.C. § 1052(b) (emphases added).

60. The State of Texas, in turn, defines "insignia" in the context of trademarks to include any mark that "depicts, comprises, or simulates the flag, the coat of arms, the seal, *the geographic outline, or other insignia of*: (A) the United States; (B) *a state*; (C) a municipality; or (D) a foreign nation." Tex. Bus. & Com. Code § 16.003(a) (emphases added).

**61.** TPM's Principal Registrations and TPM's Supplemental Registrations should, therefore, be cancelled because they consist of or comprise insignia of the State of Texas. *See* 15 U.S.C. § 1052(b).

62. TPM's Principal Registrations and TPM's Supplemental Registrations should also be cancelled because, to the extent (if any) the generic, ornamental designs do function as marks, they are being used by TPM to misrepresent the source of its goods and services. *See* 15 U.S.C. § 1064(3).

63. TPM's Principal Registrations and TPM's Supplemental Registrations should also be cancelled because the designs are generic, ornamental, and do not function as marks. *See* 15 U.S.C. § 1064(3).

64. Plaintiffs petition the Court to issue an order certified to the Director of the USPTO cancelling TPM's Principal Registrations and TPM's Supplemental Registrations pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## PRAYER

Plaintiffs ask the Court to:

A. Enter a declaratory judgment of non-infringement for Plaintiffs under the Lanham Act, 28 U.S.C. §§ 2201 and 2202, and Tex. Civ. Prac. & Rem. Code § 37.001 *et seq*. and injunctive relief as authorized by law;

B. Determine that TPM is not entitled to registration of TPM's Principal Registrations and TPM's Supplemental Registrations, and certify an order cancelling those registrations to the USPTO Director, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby;

C. Award Plaintiffs their costs and reasonable attorneys' fees under 15 U.S.C. § 1117(a) and Texas law; and

D. Award any other relief to Plaintiffs that the Court deems just and proper.

Date: March 2, 2026

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN D. WALTERS**
Deputy Attorney General for Legal Strategy

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil
Litigation Texas Bar No. 24103022

**RYAN G. KERCHER**
Chief, Special Litigation Division


/s/ *David Bryant*
**DAVID BRYANT**
Senior Special Counsel
Attorney-in-Charge
Texas Bar No. 03281500

Respectfully submitted.

**ALI M. THORBURN**
Special Counsel
Texas State Bar No. 24125064

**MUNERA AL-FUHAID**
Special Counsel
Texas Bar No. 24094501

**ALEXIA K. BAKER**
Assistant Attorney General
Tex. State Bar No. 24149596

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
david.bryant@oag.texas.gov
ali.thorburn@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
alexia.baker@oag.texas.gov


/s/ Jered Matthysse
**JERED MATTHYSSE**
Texas Bar No. 24072226
**ALEXANDRA BISTLINE**
Texas Bar No. 24092137
**PIRKIE BARBER**
1801 E. 6th Street # 300
Austin, Texas 78702
(512)-322-5200
jered.matthysse@pirliebarber.com
alexandra.bistline@pirliebarber.com

***COUNSEL FOR PLAINTIFFS***