**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **THE STATE OF TEXAS, ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:26-CV-00021-O** |
| | § | |
| **TEXAS PRECIOUS METALS LLC** | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

Before the Court are Defendant's Motion to Transfer or Alternatively Dismiss Plaintiffs' First Amended Complaint, Brief in Support, and Appendix in Support (ECF Nos. 14–16); Plaintiffs' Response and Appendix in Support (ECF Nos. 18–19); and Defendant's Reply (ECF No. 20).[1] Having considered the pleadings and applicable law, Defendant's Motion to Transfer is **GRANTED**.

## I. BACKGROUND

On February 4, 2026 Defendant Texas Precious Metals, LLC ("TPM" or "Defendant") sued the Texas Bullion Depository ("Depository") and Kelly Hancock, in his official capacity as Acting the Texas Comptroller of Public Accounts ("Comptroller") alleging *ultra vires* claims in state court in Travis County, Texas.[2] On March 2, 2026, the Depository and the Comptroller removed that case to federal court in the Western District of Texas (the "Western District Case").[3]

---

[1] The Court also reviewed Plaintiffs' Supplemental Notice (ECF No. 30) and Defendant's Response to that Notice (ECF No. 31), which discusses the Western District's denial of TPM's preliminary injunction and TPM's appeal of that denial. But because Plaintiffs' Notice was essentially an unauthorized surreply, the Court weighs both filings accordingly.

[2] Def.'s Br. Supp. Mot. 1, ECF No. 15.

[3] Pls.' Resp. 4, ECF No. 8. The Western District Case is styled *Texas Precious Metals, LLC v. Kelly Hancock et al.*, No. 1:26-cv-00513-DAE, in the Western District of Texas, Austin Division.

On the same day, the State of Texas, the Depository, and the Comptroller (collectively "Plaintiffs") filed this case against TPM for declaratory judgment, injunctive relief, and cancellation of TPM's trademarks under the Lanham Act.[4] Less than two weeks later, TPM filed an amended complaint in the Western District Case adding a Lanham Act claim.[5] On April 7, 2026, TPM amended its complaint for a second time adding additional Lanham Act and trademark claims.[6]

In the Western District Case, TPM claims that the Depository was created by the Texas legislature in 2015 for the narrow purpose of storing precious metals and that a program the Depository created in late 2025 to produce and sell gold and silver coins and notes is *ultra vires*.[7] Plaintiffs here claim that after the "December 2025 announcement of their Texas commemorative coins, notes, and other promotional items, TPM threatened the Depository and its manufacturers with imminent injury from lawsuits unless they ceased manufacture and sale of Plaintiffs' . . . products to the public, or paid TPM exorbitant royalties."[8] Plaintiffs argue that TPM's attempts to trademark and use an outline of the State of Texas and domain names such as texasdepository.com and texasstatedepository.com seek to unlawfully restrict the State of Texas' use of its sovereign symbols and insignia thereby harming Plaintiffs and the citizens of Texas.[9]

Defendant filed this Motion arguing that this case should be transferred to the Western District of Texas because the Western District Case was the first filed case or that this case should be dismissed under Federal Rules of Civil Procedure 12(b)(3) for improper venue or 12(b)(6) for failure to state a claim. Plaintiffs timely responded opposing transfer, and Defendant subsequently replied. The Motion is fully briefed and ready for the Court's review.

---

[4] *Id.*
[5] TPM's Am. Compl., W.D. Tex. ECF No. 18.
[6] TPM's Second Am. Compl., W.D. Tex. ECF No. 30.
[7] *See* TPM's Original Pet. 9, W.D. Tex. ECF No. 1-5; TPM's Am. Compl. 1, W.D. Tex. ECF No. 18.
[8] Pls.' Compl. 10, ECF No. 1.
[9] *Id.* at 11.

## II. LEGAL STANDARD

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). When a party moves to transfer under the first-to-file rule, the second-filed court *must* examine the two pending cases to see if the subject matter "might substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999). If the two suits substantially overlap, it is "no longer up to the court in [the second-filed case] to resolve the question of whether both should be allowed to proceed. By virtue of its prior jurisdiction over the common subject matter . . . the ultimate determination of whether there actually was a substantial overlap requiring consolidation of the two suits . . . belonged to the United States District Court in [the first-filed case]." *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971).

The first-to-file rule "does not, however, require that cases be identical," only that there is a "substantial overlap" in issues and parties. *Save Power Ltd.*, 121 F.3d at 950; *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) ("Instead, the crucial inquiry is one of 'substantial overlap.'" (internal citations and quotations omitted)); *Sirius Computer Cols., Inc. v. Sparks*, 138 F. Supp.3d 821, 827 (W.D. Tex. 2015) ("[S]ubstantial overlap between cases does not require that the parties and issues be identical."). Substantial overlap exists if "the core issues [are] the same or if much of the proof adduced would likely be identical." *Int'l Fid. Ins. Co.*, 665 F.3d at 678 (internal citations and quotations omitted).

If the likelihood of substantial overlap exists, then "the proper course of action [is] for the [second-filed] court to transfer the case" to the first-filed court. *Id*. The court in the first-filed action can then decide "whether the second suit filed must be dismissed, stayed or transferred and

consolidated." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). "In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Mfg., Inc.*, 439 F.2d at 407.

This rule serves principles of comity, requiring federal district courts to exercise care to avoid interfering with one another's affairs. *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728–29 (5th Cir. 1985). It also avoids inconsistent rulings and piecemeal resolution of issues which call for a uniform result. *Id.* at 729. The rule permits transfer between divisions in the same federal district as well as districts organized under different federal circuits. *See Firstliner Indus., Inc. v. Ground & Pipe Tech., LLC*, No. G-05-587, 2005 WL 2861002, at *2 (S.D. Tex. Oct. 31, 2005).

## III. ANALYSIS

When deciding whether to apply the first-to-file rule, the Court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. There is no dispute that the Western District Case was filed first. Nor is there a dispute over the similarity of the parties. *See Save Power Ltd.*, 121 F.3d at 951 ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action."). Instead, the dispute over the threshold factors is whether there are similarities issues.

Defendant argues that the claims here and its claims in the Western District Case have substantial overlap as they are based on the same core issue—the Depository's *ultra vires* production of products that infringe on Defendant's trademarks.[10] Defendant asserts that Plaintiffs' claims here read like counterclaims or defenses to the Western District Case.[11] Plaintiffs argue that only after this lawsuit was filed did Defendant twice amend its complaint in the Western District

[10] Def.'s Br. Supp. Mot. 6, ECF No. 15.
[11] *Id.* at 7.

Case to add trademark and Lanham Act claims.[12] Plaintiffs contend that before those amendments this case was the first-filed Lanham act and trademark action.[13] Defendant responds that the possibility of substantial overlap was apparent from the outset because Defendant's complained-of *ultra vires* acts at the heart of its original state court petition were stem from Plaintiffs' designing, marketing and selling of precious metals products that infringe upon Defendant's trademarks.[14] The Court agrees with Defendant.

To start, there are obvious similarities between these two cases. Both cases, regardless of the nature of the claims, center on the Depository's 2025 announcement over production of Texas commemorative coins, notes, and other promotional items. Despite the initial differences in the theories of recovery between the Western District Case and this case, the question is whether the issues in these cases might substantially overlap. *See Cadle Co.*, 174 F.3d at 606 (if the subject matter "might substantially overlap" transfer is appropriate). At bottom, both lawsuits involve allegations regarding who has the right to use the shape of the State of Texas and other Texas related symbols and insignia on commemorative coins and notes. Moreover, as Defendant argues, Plaintiffs claims here do seem to be compulsory counterclaims as they "arise[] out of the transaction or occurrence that is the subject matter of [Defendant's] claim" rather than independent claims to assert in a separate lawsuit. FED. R. CIV. P. 13(a)(1)(A). Thus, the issues in these cases substantially overlap.

Because the claims and parties in this case substantially overlap with those in the Western District Case, the Fifth Circuit requires the Court to transfer this case to the Western District as it

[12] Pls.' Resp. 5–6, ECF No. 18.
[13] *Id.*
[14] Def.'s Reply 2, ECF No. 20.

has the first filed case. *Save Power Ltd.*, 121 F.3d at 951 (denial of motion to transfer to first-filed court an abuse of discretion).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer is **GRANTED**. Therefore, the above styled and numbered case is **TRANSFERRED** to the Western District of Texas before the Honorable Judge David Ezra. Additionally, because the Court determines that the case should be transferred, the Court does not reach Defendant's Motion to Dismiss.

**SO ORDERED** on this **6th day** of **August, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE